**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MOHAMAD TLAIB, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>LITTLE GIANT LADDER SYSTEMS, LLC,<br><br>Defendant. | Case No. 1:26-cv-13984<br><br>**MOTION PURSUANT TO LOCAL RULE 40.4 TO REASSIGN CASE AS RELATED** |

Plaintiff Mohamad Tlaib ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Motion to Reassign Case 1:26-cv-14140, *Rojas v. Little Giant Ladder Systems, LLC* as Related to Case No. 1:26-cv-13984, *Mohamad v. Little Giant Ladder Systems, LLC*, pursuant to Northern District of Illinois Local Rule 40.4.

Even though there are different Plaintiffs in each case, both cases are putative class actions that involve the same Defendant, Little Giant Ladder Systems, LLC, and both concern the same underlying factual dispute over defective product claims. In the earlier case, 1:26-cv-13984, Plaintiff Tlaib Mohamad alleges that Little Giant Ladder Systems, LLC, acted negligently, including by failing to exercise reasonable care in the design, manufacture, and testing of the Products, as well as its failure to adequately warn consumers of the Defect.

The instant case arises from the same incident and identical factual events and seeks similar relief for the same damage. Both Plaintiffs seek to represent classes of similarly situated parties, essentially seeking certification of identical classes. Accordingly, the parties, claims, and factual basis are substantially identical, and there is substantial factual and legal overlap between the cases because both cases concern the same jurisdiction, defendant, property, and events. Thus, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time

and effort. The first case filed by Plaintiff Mohamad was filed only three days prior to Plaintiff Rojas's case, on November 10, 2026, and it remains in the early stages of service. Neither case has progressed to a point where designating the cases as related would be likely to delay proceedings—indeed, relating the cases at this stage could hasten the process of service and response from the Defendant. Because the cases arise from the same defect in the same products, seek to certify the same class of consumers, and are in their early stages of litigation, designating the cases as related is in the best interests of all parties and judicial resources. Doing so would duplication of effort, delay, and the risk of inconsistent rulings.

DATED: November 23, 2026

Respectfully submitted,

*/s/ Kevin Laukaitis*
Kevin Laukaitis
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 559-6072
klaukaitis@laukaitislaw.com

*Attorney for Plaintiff and the Class*